UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Saul Weinstein, | Case No. 2:24-cv-01477-CDS-EJY |
| Plaintiff | **Order Granting Remand and Closing Case** |
| v. | |
| Giovanni Phillip Pena, et al., | [ECF No. 3] |
| Defendants | |

This negligence action arises out of an underlying motor vehicle accident that was removed from the Eighth Judicial District Court of Clark County, Nevada, by defendants Giovanni Pena and Craig Pena (the Penas). Plaintiff Saul Weinstein filed a complaint in the Eighth Judicial District Court of Clark County, Nevada in April 2024. ECF No. 1 at 5–10.[1] The Penas removed this matter to federal court in August 2024. ECF No. 1. The following day, Weinstein moved to remand this action, arguing that removal was improper because it was untimely. ECF No. 3. The Penas filed an opposition, and Weinstein replied. ECF No. 9; ECF No. 10. Because I find that removal was untimely, this matter must be remanded to state court.

I.      Background

This action arises from the personal injuries Weinstein sustained in a vehicle collision in February 2023. As relevant here, in the conclusion of the complaint filed in the Eighth Judicial District Court on April 12, 2024, Weinstein prays for: (1) general damages in excess of $15,000; (2) special damages in excess of $15,000; (3) lost wages in an amount yet to be determined; (4)

---

[1] As a threshold matter, the court first addresses the defendants' exhibits attached to their opposition to the remand motion. Local Rule IC 2-2(3) requires that exhibits and attachments "be attached as separate files" not as part of the base document. LR IC 2-2(3)(A). Defendants simply incorporated the exhibits directly in their filing. Defendants are cautioned that future violations of the Local Rules may result in sanctions, to include striking any non-compliant filing.

1  interest and costs incurred in bringing these claims; (5) costs of suit incurred including

2  reasonable attorneys' fee; and (6) other relief deemed just and proper. ECF No. 1 at 5–10. Based

3  on this prayer, the Penas did not file a notice of removal. ECF No. 9 at 5. On June 5, 2024,

4  Weinstein filed a request for exemption from arbitration. Pl.'s Ex. 2,[2] ECF No. 3-2. The request

5  states that Weinstein's "Total Medical Specials [damages] total: $71,161.85" *Id.* at 2 (emphasis

6  removed). The Penas assert that they did not remove the case at that point because the request

7  did not make it "unequivocally clear and certain" that the amount in controversy exceeded

8  $75,000. ECF No. 9 at 5. On August 1, 2024, Weinstein provided his initial disclosure of

9  witnesses and documents, which included a computation of special damages totaling $71,161.85.

10 ECF No. 1 at 12–18. That disclosure indicated that future medical expenses, lost wages, loss of

11 household services, vocational rehabilitation, mental anguish, and loss of enjoyment of life were

12 "TBD" or "to be determined." *Id.* at 16–17. Thereafter, the Penas filed the notice of removal. ECF

13 No. 1; ECF No. 9 at 7.

14 **II.      Legal standard**

15        "The notice of removal of a civil action or proceeding shall be filed within 30 days after

16 the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

17 setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. §

18 1446(b)(1); *see also HSBC Bank USA Nat'l Ass'n. v. Manguin*, 2017 WL 955179, at *1 (D. Nev. Mar. 10,

19 2017) ("Removal was untimely because [defendants] were required to remove the case within 30

20 days of service of the summons and complaint."). However, "if the case stated by the initial

21 pleading is not removable, a notice of removal may be filed within 30 days after receipt by the

22 defendant, through service or otherwise, a copy of an amended pleading, motion, order or other

23 paper from which it may first be ascertained that the case is one which is or has become

24
   ---
   [2] This is presumably plaintiff's exhibit 2; however, it is unclear because Weinstein failed to provide a first
25 page cover sheet referencing the exhibits by number or letter as required by LR IA 10-3. Plaintiff is also
   cautioned about potential sanctions for violating the Local Rules. *See supra*, pg. 1, n.1.

26

1   removable." 28 U.S.C. § 1446(b)(3). Once an action is removed to federal court, a plaintiff may

2   challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c). To protect the jurisdiction

3   of state courts, the removal statute should be construed narrowly, against removal jurisdiction

4   and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

5   **III.      Discussion**

6          The parties disagree as to when the Penas received the "other paper" from which they

7   could have first become aware that the case had become removable. Weinstein argues that the

8   Penas should have ascertained the amount in controversy either from the complaint, which was

9   served on April 23 and 24, 2024 (ECF No. 3-1), or from the request for exemption from

10  arbitration (ECF No. 3-2), which was filed on June 5, 2024. The Penas argue that it was not clear

11  until Weinstein's initial disclosure of documents and witnesses on August 1 that the amount in

12  controversy met the jurisdictional threshold. ECF No. 9 at 5. The Penas thus contend that

13  removal was timely because it occurred within thirty days of Weinstein's disclosure "detailing

14  extensive general and special damages *in addition to* the $71,000 in medical specials." *Id.* (emphasis

15  in original).

16         The request for exemption from arbitration claims that Weinstein's case "involves an

17  amount in excess of $50,000" based on $71,161.85 in past medical specials combined with the

18  still-pending medical expenses. ECF No. 3-2 at 2. The initial disclosure, too, claims $71,161.85 in

19  past medical expenses, but also states "TBD" with respect to future medical expenses, lost

20  wages, loss of household services, vocational rehabilitation, mental anguish, and loss of

21  enjoyment of life. ECF No. 1 at 16–17. When a plaintiff contests that a defendant has met its

22  burden in demonstrating a sufficient amount in controversy, then removal is proper "if the

23  district court finds, by the preponderance of the evidence, that the amount in controversy

24  exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

25

26

In determining the amount in controversy, courts first look to the complaint. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). Here, in the complaint's prayer for relief, Weinstein seeks: (1) general damages in excess of $15,000; (2) special damages in excess of $15,000. ECF No. 1 at 10. This totals $30,000 in relief, which is well under the $75,000 jurisdictional threshold. Weinstein's request for exemption from arbitration includes a computation of damages for medical expenses of at least $71,161.85. ECF No. 3-2 at 2. As the medical damages fall under the "special damages" category, the court must add the $15,000 in general damages to the $71,161.85 in special medical damages when deciding the amount in controversy. This results in a total of $86,161.85, which is above the jurisdictional requirement of $75,000. Therefore, the Penas were informed of Weinstein's damages calculation—to determine the amount in controversy—on June 5, 2024, when it received his request for exemption from arbitration. I find that the Penas should have petitioned for removal within thirty days of its receipt of the exemption from arbitration (by July 5, 2024). It did not do so, making the August 12, 2024 removal, untimely.

**II.      Conclusion**

It is therefore ordered that Weinstein's motion for remand **[ECF No. 3] is granted.**

The Clerk of Court is kindly instructed to remand this matter to the Eighth Judicial District Court, Department 9, Case No. A-24-891053-C, and to close this case.

Dated: October 15, 2024

_____
Cristina D. Silva
United States District Judge